**In the Matter of M. W., Appellant.**

**No. 11677.**

District of Columbia Court of Appeals.

Submitted Nov. 22, 1977.

Decided March 1, 1978.

Enid Hinkes, appointed by this court, for appellant.

John R. Risher, Jr., Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and Ted P. Gerarden, Asst. Corp. Counsel, Washington, D. C., were on the brief for appellee.

Before NEBEKER and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

This appeal is from an October 18, 1976 adjudication of delinquency. The petition which gave rise to the adjudication stated that:

> [S]aid child, at about 11:00 a. m., on March 4, 1976, in the vicinity of 37th and Ely Place, S.E., in the District of Columbia, with intent to commit a breach of the peace or under circumstances such that a breach of the peace might be occasioned thereby, used obscene and indecent words, in violation of 22 D.C.Code 1107.

Only one witness appeared at the hearing on this petition, held June 21, 1976. Officer Leonard M. Caterton, who was assigned to appellant's school, testified that on March 4, 1976, appellant was suspended from school and told to leave the school building, and that appellant began cursing in a loud and boisterous manner as a crowd of about 20 students gathered around her. The officer testified that appellant refused to go home, instead went to the school's business office, and continued shouting hysterically, "fuck you, fuck you, you all motherfucking bitches" in the presence of a secretary, a community aide, the principal, and several children in the office. Appellant was then removed from the building by another police officer.

 Following Officer Caterton's testimony, the hearing judge denied appellant's motion for judgment of acquittal, and found that "the Government has established beyond a reasonable doubt that the Respondent used obscene and indecent lan-

guage as prohibited under the statute." Because the attendant adjudication might have been premised on the hearing judge's expressed view that "there is no obligation on the part of the Government in this case to show the likelihood of a breach of the peace as a part of its duty in the prosecution under this particular statute," and because this view is patently contrary to law, we reverse for a new hearing, to be conducted according to the prevailing legal standard.

■ That standard is set forth in *Williams v. District of Columbia*, 136 U.S.App. D.C. 56, 419 F.2d 638 (1969), which held that § 22–1107 could pass constitutional muster only if it "were interpreted to require an additional element that the language be spoken in circumstances which threaten a breach of the peace." *Id.* at 64, 419 F.2d at 646. The court observed that language threatens such a breach where it "creates a substantial risk of provoking violence," or where it is "under 'contemporary community standards,' so grossly offensive to members of the public who actually overhear it as to amount to a nuisance." *Id.*

Significant in *Williams* was the court's observation that the trial court had made no findings of fact that a breach of the peace was threatened, and that "there is nothing in the record which shows that it properly weighed the evidence in light of the interpretation of the statute which we have found to be a necessary predicate of constitutionality." *Id.* at 67, 419 F.2d at 649.

There is evidence in the record of the instant case that the circumstances surrounding appellant's arrest included a threatened breach of the peace and justified conviction under § 22–1107. It would, however, be inappropriate for us to so find, where the trial court proceeded under a misapprehension of the correct legal standard and failed to make the requisite finding.

Accordingly, the adjudication is reversed and the case remanded for a new hearing.

*So ordered.*